UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCIA HIRTENSTEIN,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL, Commissioner of Social Security,<br><br>　　　　　　　　　　Defendant. | Case No.: 21-cv-470-JM-(DEB)<br><br>**ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS**<br>**(Doc. No. 2.)** |

On March 17, 2021, Plaintiff, a non-prisoner represented by counsel, filed a complaint based on the denial of her application for social security disability benefits. (Doc. No. 1.)  Plaintiff also filed a request to proceed *in forma pauperis* ("IFP"). (Doc. No. 2.)  For the following reasons, Plaintiff's motion is **DENIED.**

Generally, all parties instituting a civil action in this court must pay a filing fee. *See* 28 U.S.C. § 1914(a); CivLR 4.5(a).  But, pursuant to 28 U.S.C. § 1915(a), the court may authorize the commencement, prosecution or defense of any suit without payment of fees if the plaintiff submits an affidavit, including a statement of all his or her assets, showing that he or she is unable to pay filing fees or costs.  "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). The granting or denial of leave to proceed in forma pauperis in civil cases is within the

sound discretion of the district court. *Venerable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974) (citations omitted).

In her application Plaintiff reports a monthly income of $8,000 in interest from real property and dividends. (Doc. No. 2 at 1.) Further, she states that one personal IRA account with Fidelity contains $2,404,809 and that there is $240,000 in her checking account. (*Id*. at 2.) Additionally, a home valued at $1,100,000, other real estate valued at $1,900,000, and a motor vehicle valued at $8,300, are listed as assets totaling $3,008,300. (*Id*. at 3.) Plaintiff's application lists monthly expenses at $11,400 with Plaintiff declaring her "need to preserve my cash to cover uninsured medical bills." (*Id*. at 5.) Based on the information provided, the court is not persuaded that Plaintiff lacks the funds to pay the filing fee and "still afford the necessities of life." *Escobedo*, 787 F.3d at 1234 ("[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." (internal quotation marks omitted)).

In light of the above, the court applies its discretion and **DENIES** Plaintiff's motion to proceed IFP. (Doc. No. 2). Plaintiff shall have until **April 30, 2021** to pay the entire filing fee. If the filing fee is not paid by April 30, 2021, the Clerk of the Court shall dismiss the case without prejudice and close the case without further order from the court.

**IT IS SO ORDERED**.

Dated:  April 15, 2021

_____
Hon. Jeffrey T. Miller
United States District Judge